869 F.2d 1493
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SUGARDALE FOODS, INC., Plaintiff-Appellant,
v.
UNCLE BEN'S, INC., Defendant-Appellee.
 No. 88-3641.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1989.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and BERNARD R. FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Sugardale Foods, Inc., commenced this action under 15 U.S.C. Secs. 1114 and 1125(a), alleging that defendant Uncle Ben's, Inc., had infringed Sugardale's "Country Inn" trademark for boneless fully cooked ham. Uncle Ben's denied the allegation and pleaded several affirmative defenses. Shortly before the trial was scheduled to begin, the presidents of Sugardale and Uncle Ben's agreed to settle the case. This settlement was embodied in a one-page handwritten "Memorandum of Understanding" signed by the presidents and dated November 14, 1986. The Memorandum of Understanding contemplated the execution of "a formal settlement document embodying this understanding."
 
 
 2
 Several drafts of a formal settlement document were exchanged, but the parties failed to agree on the language. On April 13, 1987, a conference was held before the district court (Sam H. Bell, J.). At the conference Sugardale raised only one issue: acknowledgement of the right of Thomas J. Lipton, Inc., to use the Country Inn name on seven categories of food products pursuant to a license previously granted by Sugardale. Sugardale's president drafted a paragraph to be inserted in the settlement agreement to cover this point, and the conference concluded with the promise that the proposal would be presented to Uncle Ben's officials for approval.
 
 
 3
 On May 5, 1987, Uncle Ben's sent Sugardale a revised settlement agreement, dated May 4, incorporating the Lipton paragraph precisely as drafted by Sugardale. Sugardale refused to execute this document, however, and Uncle Ben's thereafter filed a motion to enforce the settlement.
 
 
 4
 After a hearing on the motion the court found that the settlement agreement dated May 4 both embodied the Memorandum of Understanding and incorporated specific language proposed by Sugardale and accepted by Uncle Ben's with respect to the Lipton license. The court therefore granted Uncle Ben's motion to enforce the settlement and ordered that the case be marked settled and dismissed with prejudice.
 
 
 5
 Having reviewed the record and having had the benefit of oral argument, we find no error in Judge Bell's excellent opinion. For the reasons set forth therein, we hereby AFFIRM the district court's order enforcing the settlement.
 
 
 
 *
 The Honorable Bernard R. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation